IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR205 |
| v. | |
| M.A. YAH, | ORDER |
| Defendant. | |

On July 22, 2021, a grand jury indicted (Filing No. 1) defendant M.A. Yah ("Yah") on one count of committing bank fraud. *See* 18 U.S.C. § 1344. According to the Indictment, Yah is alleged to have submitted "false and fraudulent" information to obtain a Paycheck Protection Program ("PPP") loan on behalf of his non-profit corporation, The Heartland News.

Nearly four years and three attorneys later, Yah's case was scheduled to finally proceed to trial on May 19, 2025. On May 5, however, Yah moved (Filing No. 124) for the removal of his appointed counsel, Michael Gooch ("Gooch"), and the appointment of substitute counsel. The magistrate judge[1] held a prompt and thorough hearing on Yah's motion on May 8, at which he denied the motion. *See* 28 U.S.C. § 636(b)(1)(A) (permitting a magistrate judge "to hear and determine any [nondispositive] pretrial matter pending before the court"). He entered a written Order (Filing No. 130) the following day.

Now before the Court are three *pro se* filings received from Yah on May 13, 2025—less than a week before the scheduled jury trial in his case. That includes his "Notice of Appeal" (Filing No. 140) in which he seeks to "appeal[] the Eighth Circuit from the district court's denial of his motion to remove counsel." Another filing titled "Petition for Writ of Mandamus" (Filing No. 141) asks the Court to "grant his motion to

---

[1]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

substitute appointed counsel," describing the basis for his complaints with Gooch. Finally, Yah submitted a "Motion to Remove Court-Appointed Counsel and Proceed *Pro Se*" (Filing No. 142) in which he states "he is fully competent and prepared to represent himself moving forward" and requests he be permitted to do so.

With trial looming only days away, the Court held a hearing on Yah's submissions on May 14. Yah, Gooch, and counsel for the government were all present. The hearing largely consisted of a sealed conversation between the Court, Yah, and Gooch, during which the government left the courtroom.

On further inquiry, Yah unequivocally confirmed in open court that he intended the "Notice of Appeal" to be an objection to the magistrate judge's May 8, 2025, Order and was not seeking an appeal to the Court of Appeals for the Eighth Circuit. *See* NECrimR 59.2(a) (giving a criminal defendant fourteen days to object to a magistrate judge's ruling on a nondispositive matter); Fed. R. Crim. P. 59(a) (same). He also explained that the "Petition for Writ of Mandamus" was only meant to accompany that objection as a brief of sorts and was not meant as a separate request for relief. The Court thoroughly discussed Yah's submissions and complaints and asked both Gooch and Yah about their attorney-client relationship.

Through this conversation, Yah clearly stated he wished to proceed to trial *pro se*. The Court discussed with Yah his right to represent himself, the tasks that would likely be required of him, and the impact his self-representation would have on the scheduling and procedure of trial. *See United States v. Brown*, 956 F.3d 522, 525 (8th Cir. 2020) (requiring the district court hold a hearing to "ensure the defendant is knowingly and intelligently waiving counsel and to inform the defendant of the dangers and disadvantages of self-representation" upon the defendant's clear and unequivocal request to represent themselves); *Faretta v. California*, 422 U.S. 806, 821-32 (1975). Given that, the Court granted his request to proceed *pro se* and advised that Gooch would serve as stand-by counsel. It also overruled his objections to the magistrate judge's Order.

The Court then expressed its intention to give Yah a limited continuance, around sixty days, to prepare for trial. Yah requested ninety days in response. Given the need to accommodate multiple expert witnesses' schedules, the Court explained it would schedule trial sometime between sixty and ninety days from the day of the hearing. *See United States v. Ganter*, 3 F.4th 1002, 1006 (8th Cir. 2021) ("A district court has 'broad discretion in deciding whether to grant or deny a motion for a trial continuance.'" (quoting *United States v. Myers*, 503 F.3d 676, 680 (8th Cir. 2007)). As the Court explained to Yah at the hearing, no future continuances will be granted.

Thus, for the reasons stated on the record and described above,

IT IS ORDERED:

1. Defendant M.A. Yah's "Notice of Appeal" (Filing No. 140) intended as an objection to the magistrate judge's Order (Filing No. 130) denying his motion to remove counsel (Filing No. 124) is overruled. To the extent his "Petition for Writ of Mandamus" (Filing No. 141) asserts separate objections to that Order, those are also overruled. The magistrate judge's ruling is affirmed.

2. Yah's Motion to Remove Court-Appointed Counsel and Proceed *Pro Se* (Filing No. 142) is granted. Yah has knowingly and voluntarily waived his right to counsel. Attorney Michael Gooch shall remain appointed to the case as stand-by counsel.

3. The trial originally set to begin on May 19, 2025, is continued. A new trial date will be ordered. In the interest of justice, the time between May 14, 2025, and the new trial date will be deemed excludable under the Speedy Trial Act.

Dated this 15th day of May 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge