IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR205 |
| v. | |
| M.A. YAH, | ORDER |
| Defendant. | |

This matter is before the Court on defendant M.A. Yah's ("M.A. Yah") Affidavit and Application to Proceed In Forma Pauperis (Filing No. 148).[1] On May 5, 2025, M.A. Yah moved (Filing No. 124) for the removal of his third appointed counsel, Michael Gooch ("Gooch"), and the appointment of substitute counsel. Gooch had represented M.A. Yah for over two years when M.A. Yah requested he be removed just two weeks before the jury trial in this matter was scheduled to begin. After holding a thorough hearing, the magistrate judge denied M.A. Yah's motion (Filing No. 130). *See* 28 U.S.C. § 636(b)(1)(A) (permitting a magistrate judge "to hear and determine any [nondispositive] pretrial matter pending before the court").

On May 13, M.A. Yah submitted three *pro se* filings to the Court: (1) a "Notice of Appeal" (Filing No. 140) seeking to "appeal[] the Eighth Circuit from the district court's denial of his motion to remove counsel"; (2) a "Petition for Writ of Mandamus" (Filing No. 141) asking the Court to "grant his motion to substitute appointed counsel"; and (3) a "Motion to Remove Court-Appointed Counsel and Proceed *Pro Se*" (Filing No. 142) stating "he is fully competent and prepared to represent himself moving forward" and

---

[1]In this and other documents filed by M.A. Yah, he identifies himself as "M,A, Yah." He has testified that this is a singular name, and he is not referred to by a first and last name. As the Indictment (Filing No. 1) identifies the defendant as "M.A. Yah," the Court will continue to utilize that spelling of his name and refer to him as such.

requesting he be permitted to do so. Left with some confusion about his requests, the Court held a hearing on May 14 with the government, M.A. Yah, and Gooch present.

The Court described that hearing in its May 15, 2025, Order (Filing No. 145). As explained there, M.A. Yah unequivocally confirmed in open court that he intended the "Notice of Appeal" to be an objection to the magistrate judge's ruling, was not seeking an appeal to the United States Court of Appeals for the Eighth Circuit at that time, and filed the "Petition for Writ of Mandamus" to accompany that objection as a brief. *See* Fed. R. Crim. P. 59(a) (giving a criminal defendant fourteen days to object to a magistrate judge's ruling on a nondispositive matter); NECrimR 59.2(a) (same). The Court took him at his word.

During the Court's sealed discussion with M.A. Yah and Gooch, M.A. Yah clearly expressed his desire to represent himself. *See Faretta v. California*, 422 U.S. 806, 819-20, 835 (1975) (recognizing that criminal defendants have a right to self-representation but should be "made aware of the dangers and disadvantages of self-representation" before choosing to proceed *pro se*). He confirmed that was his intent even after the Court advised him of his rights, the tasks that would likely be required of him, and the impact his self-representation would have on the scheduling and procedure of trial. *See id.* at 835; *Patterson v. Illinois*, 487 U.S. 285, (1988) (explaining the "key inquiry" as to whether a defendant validly waived their right to counsel is whether they were made sufficiently aware of that right and "of the possible consequences of a decision to forgo the aid of counsel"). Based on M.A. Yah's representations and discussions at the hearing, the Court granted his request to proceed *pro se*, appointed Gooch to serve as stand-by counsel, and overruled his objections to the magistrate judge's Order. It also granted M.A. Yah a limited continuance to prepare for trial.

On May 16, M.A. Yah filed a Notice of Appeal (Filing No. 146) "from the final order entered by the" Court overruling his objections to the magistrate judge's denial of

2

his "motion to remove court-appointed counsel." This motion to proceed in forma pauperis came next. M.A. Yah attests that he is "unable to pay the cost of litigation."

M.A. Yah does not clarify whether he seeks permission to proceed in forma pauperis in the proceedings in this Court or on appeal, and it is not entirely clear from the context of his request. With respect to the district court's proceedings, the Court appointed counsel (Filing No. 8) to represent him in August 2021 based on his representations as to his financial circumstances (Filing No. 5). The Court has no reason to question M.A. Yah's financial status or its earlier determination that he could not afford counsel and other expenses of this litigation.

If M.A. Yah's request is that he be permitted to proceed in forma pauperis on appeal, that request is granted with some reservations. Under Federal Rule of Appellate Procedure 24(a)(3), "[a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may [generally] proceed on appeal in forma pauperis without further authorization." That is, unless statute provides otherwise or "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(3)(A).

Along those lines, the Court harbors doubt about the propriety of M.A. Yah's appeal. The appeals courts generally have jurisdiction over appeals from "*final* decisions" of the district courts. 28 U.S.C. § 1291 (emphasis added). That "final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). The rule is especially critical in criminal cases, where a defendant is usually prohibited from appealing any matters before conviction and sentencing. *Id.* at 263-64.

In the Court's view, the final-judgment rule bars M.A. Yah's appeal. His motion asking for Gooch to be removed and for new counsel to be appointed is not one of the few permitted under the "limited category of cases falling within the collateral order exception." *Id.* at 265 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)); *see also Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 891 (8th Cir. 2020) ("Ordinarily, the denial of a motion to appoint counsel would mean that the plaintiffs may continue to litigate *pro se*, obtain a ruling on the merits from the district court, and exercise their right to appeal.") But, out of an abundance of caution, the Court will continue to permit M.A. Yah to proceed in forma pauperis on appeal and leave the ultimate question of appellate jurisdiction to the Eighth Circuit itself. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106-07 (8th Cir. 1999) (opining that "if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until [the circuit court] resolve[s] the issue of [its] jurisdiction").

That said, "[a]n appeal, including an interlocutory appeal, [normally] 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). *But see State ex rel. Nixon*, 164 F.3d at 1106-07 (noting that "principle is not absolute" and that the district court "does not normally lose jurisdiction . . . when one party appeals a non-appealable order"); *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 612 (6th Cir. 2024) (explaining that under the "clearly nonappealable order" exception, "a district court retains jurisdiction if a notice of appeal is filed from an order for which 'there is no serious dispute' as to its interlocutory nature" (quoting *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981))). Having seen no reason why it could not perform the procedural matter of setting this case for trial while the Eighth Circuit has jurisdiction over his appeal, the Court scheduled M.A. Yah's trial to begin on August 18, 2025. If additional matters arise during the pendency of

M.A. Yah's appeal, the Court will further assess its jurisdiction at that time. In light of the foregoing,

    IT IS ORDERED:

    1.    Defendant M.A. Yah's Affidavit and Application to Proceed In Forma Pauperis (Filing No. 148) is granted.

    2.    M.A. Yah is permitted to proceed in forma pauperis on appeal.

Dated this 29th day of May 2025.

                                      BY THE COURT:

                                      *Robert F. Rossiter, Jr.* (signature)

                                      Robert F. Rossiter, Jr.
                                      Chief United States District Judge